OPINION OF THE COURT
Edward J. McLaughlin, J.
In a contested support proceeding issue is joined when the court sets a trial date. Financial statements must be filed with the court within 10 days of that date.
*804 The County Attorney objects to an order of the hearing examiner filed and entered on February 19, 1986. His objection was received by the court on March 21, 1986, exactly 30 days after entry of the order. (Family Ct Act § 439 [e].) An affidavit in response to the objection of the County Attorney was received on April 4, 1986.
On February 9, 1986 the hearing examiner dismissed a uniform support of dependents petition filed on October 22, 1985 for "failure to prosecute.” The matter first appeared before the court on December 18, 1985. Petitioner appeared through counsel. Respondent appeared personally with her counsel. The record of proceedings notes that a request was made for a financial statement and the matter was adjourned until January 10, 1986 for a hearing. On January 10, 1986 petitioner and respondent and their attorneys appeared. The matter was dismissed without prejudice for failure to prosecute and failure to provide a financial statement on the adjourned date.
Briefly stated, petitioner objects to the dismissal of the petition citing provisions of the Uniform Support of Dependents Law, which call for a stay when a verified denial of a material allegation of a petition is entered by respondent and transmittal of a transcript of the denials to the initiating court. (Domestic Relations Law §37 [6]).) Respondent, however, argues that the dismissal was a correct application of the penalties for not complying with compulsory financial disclosure as set forth in the Domestic Relations Law. (Domestic Relations Law § 236 [B] [4]; see, CPLR 3126.)
Clearly the Legislature in enacting the Support Enforcement Act of 1985 (L 1985, ch 809) intended that support matters be expedited. Enacted in response to the Federal Child Support Enforcement Amendments of 1984 an expedited procedure was incorporated into New York law. (Family Ct Act § 439.) Under Federal regulation, in order to receive Federal funding, States must have expedited support enforcement processes which processes "must be completed from the time of filing to the time of disposition within the following time frames: (i) 90 percent in 3 months; (ii) 98 percent in 6 months; and (iii) 100 percent in 12 months.” (45 CFR 303.101 [b] [2].) Thus, stays and multiple adjournments are against present public policy.
This case underscores the difficulties inherent in applying provisions of the Domestic Relations Law enacted primarily *805 for application in Supreme Court procedures to Family Court procedures. (Domestic Relations Law § 236 [B] [4].) If compulsory financial disclosure (Family Ct Act § 424-a) is to have any utility, the law should be clarified as to when a net worth statement should be filed in a Family Court proceeding, including Uniform Support proceedings, since New York law is applicable in such proceedings. (Domestic Relations Law § 37 [2].)
The easiest procedure would be to require petitioner to file a sworn financial statement at the time a petition seeking support is filed and to require respondent to file a sworn financial statement on the first appearance in the matter. This would give the hearing examiner valid financial information upon which to base the required temporary order (Family Ct Act § 439 [c]), and would serve to expedite support proceedings by providing both parties and the court with up-to-date financial information so that an order can be made that both meets the needs of the person to be supported and realistically apportions the duty to support based upon the financial ability of the parties. Recently legislation was enacted which requires documentation of the efforts made to adjust a PINS case attached to a petition at time of filing. (Family Ct Act § 735 [b], [h].) The clerk of the court is mandated to refuse to accept for filing any petition which does not have the required documentation. (Family Ct Act § 735 [b].) Such a procedure could be required in support proceedings.
In this matter the objections filed by the County Attorney are denied. (Family Ct Act § 439 [e] [iii].) If support proceedings are to be expedited, preliminary disclosure must be completed at the time a hearing is scheduled, so long as the parties have received adequate notice of what is required. Here a financial statement was requested at the first appearance, when both parties were represented by counsel.
The precise language of Domestic Relations Law § 236 (B) (4) states that a net worth statement "shall be filed by each party, within ten days after joinder of issue, in the court in which the procedure is pending.” (Emphasis added.) In Supreme Court practice, while judicial intervention may be requested prior to joinder of issue (22 NYCRR 202.6), the matter does not come before the court for decision prior to the issuance of a note of issue, which states when issue is joined. (CPLR 3402; 22 NYCRR 202.21.) In the Family Court, support proceedings are commenced by the filing of a petition. (Family Ct Act § 423.) When the court receives satisfactory proof of *806 service, a default judgment may be taken. (Family Ct Act § 427 [c].) In such cases financial disclosure statements are never exchanged.
In the more common case, when the person summoned does respond to the court’s summons, exchange of financial statements becomes critical to both parties. While the statute is clear as to when a person must respond to a demand for a financial statement, the language that a statement must be filed within 10 days after joinder of issue does not make it clear to parties involved in Family Court support litigation when the statement must be filed. The court finds that for purposes of a contested Family Court proceeding the date on which a support matter is set down for trial is the date at which issue is joined. By that time jurisdiction has been established over respondent (Family Ct Act §§ 427, 167), respondent has had an opportunity to admit or deny the allegations of the petition (Family Ct Act § 433), and the court is authorized to adjourn the matter in order for further inquiry to be made into the financial abilities and responsibilities of both parties. (Family Ct Act § 435.) Since a temporary order must be entered at a preliminary hearing on a support matter (Family Ct Act § 433 [b]), petitioner would not be harmed by an adjournment. Since there is a presumption of sufficient means operable in a support hearing (Family Ct Act § 437), it would be to respondent’s advantage to file a financial statement in a timely matter. Both parties could be spared additional litigation if a support matter was decided based upon full financial disclosure by both parties. (Domestic Relations Law § 236 [B] [4].)
Here, petitioner had from December 18, 1985 when the trial date was set until January 8, 1986 to produce a financial statement, well in excess of the 10 days from the time that the trial date was set in this matter. (Domestic Relations Law § 236 [B] [4].) Accordingly, the hearing examiner was correct in dismissing the petition pursuant to the statutory scheme. (Family Ct Act § 424-a; Domestic Relations Law § 236 [B] [4]; CPLR 3126.)